# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> RICO THOMAS, <br><br> Defendant. |

Criminal Action No. 10-171-2 (JDB)
Civil Action No. 13-172 (JDB)

**FILED**

**OCT 2 8 2014**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

Rico Thomas was sentenced to twenty-eight-years' incarceration for conspiracy to participate in a racketeering organization. Having failed to appeal his sentence, he now seeks to vacate it, pursuant to 28 U.S.C. § 2255. Because Thomas does not allege any error that puts his guilty plea in doubt, the Court will deny his motion.

## BACKGROUND

Rico Thomas was originally indicted on a slew of racketeering charges, including murder in aid of racketeering activity, use of interstate commerce facilities in the commission of murder for hire, and first degree murder. Thomas was said to be part of a narcotics ring in the DC metro area that achieved its goals, in part, through such violence.

The government eventually filed a superseding information, containing only one count: conspiracy under the Racketeer Influenced and Corrupt Organizations Act, in violation of 18 U.S.C. § 1962(d). See ECF No. 152. Thomas waived the indictment, see ECF No. 158, waived his trial rights, see ECF No. 159, and pleaded guilty to that single count, see ECF No. 161. He was sentenced to twenty-eight years' incarceration and five years' supervised release. He did not appeal.

Thomas did, however, file [257] the motion to vacate under 28 U.S.C. § 2255 now before this Court. The Court declined to appoint counsel, but ordered that Thomas could supplement his § 2255 motion after receiving transcripts from court proceedings and certain files from his former counsel. See July 23, 2013 Order [ECF No. 267]. Thomas timely filed [271] his supplemental memorandum, and filed [274] a motion to amend that pleading a month later.[1]

## ANALYSIS

An initial matter: the government points out—correctly—that § 2255 includes a one-year statute of limitation. See 28 U.S.C. § 2255(f). As Thomas's judgment became final on August 3, 2012, a motion to vacate could be filed no later than August 3, 2013. Thomas filed his § 2255 motion well in advance of that deadline, on February 1, 2013. But he did not file his supplemental memorandum until September 23, 2013, or his motion to amend that pleading until October 28, 2013. Thus, the government argues, only the original motion should be considered; the others are time-barred.

But the government overlooks a crucial factor: if Thomas filed his supplemental memorandum late, it was because this Court told him to do so. On July 23, 2013—nearly six months after Thomas filed the original motion—the Court ordered him to file a supplemental memorandum by September 23, a deadline he met. Thomas can hardly be blamed for relying on the Court's instructions, especially without the benefit of counsel. Thus, equitable tolling is appropriate as to the supplemental memorandum. See Holland v. Florida, 560 U.S. 631, 645, 649 (2010) (holding that § 2244(d) is subject to equitable tolling where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" (internal quotation marks and citation omitted)); United States v. McDade, 699

---

[1] While these motions were pending, Thomas filed [290] an additional motion asking that all legal actions be held in abeyance until he was returned to his original place of incarceration. Thomas has since returned to that penitentiary, see Notice of Change of Address [ECF No. 291], and so his motion will be denied as moot.

F.3d 499, 500 (D.C. Cir. 2012) (applying Holland's holding to § 2255). Thomas has no such safe harbor, however, for any additional claims in his motion to amend the supplemental memorandum, and so that motion is denied as time-barred.

To obtain relief under § 2255, Thomas must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). He bears the burden of proving his claims by a preponderance of the evidence, see United States v. Simpson, 475 F.2d 934, 935 (D.C. Cir. 1973), and "must clear a significantly higher hurdle than would exist on direct appeal," United States v. Frady, 456 U.S. 152, 166 (1982).

When confronted with motions like this, courts will conduct a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). But that decision "is committed to the district court's discretion," United States v. Pollard, 959 F.2d 1011, 1031 (D.C. Cir. 1992). Because Thomas's motion does not "raise[] detailed and specific factual allegations whose resolution requires information outside of the record," such a hearing is unnecessary in this case. Id. (internal quotation marks omitted).

Thomas raises many claims, but they all center around the same idea: that the ineffectiveness of counsel, in various ways, undermined the voluntary and knowing nature of his guilty plea—and so he should be permitted to withdraw it. Thomas is no doubt motivated in part by the fact that, after he entered his plea, one of his co-defendants was acquitted at trial. See Judgment of Acquittal as to Opio D. Moore, No. 10-cr-171-JDB-3 [ECF No. 209]. But the regrets engendered by hindsight do not render invalid a plea that was deemed—by both parties—

3

a good bargain when the outcome of the case was still in doubt. See Premo v. Moore, 131 S. Ct. 733, 741 (2011) (cautioning "strict adherence to the Strickland standard . . . when reviewing the choices an attorney made at the plea bargain stage"). To demonstrate ineffective assistance of counsel, Thomas must demonstrate both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," Strickland v. Washington, 466 U.S. 668, 687 (1984), and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," Hill v. Lockhart, 474 U.S. 52, 59 (1985). But Thomas has yet to identify any error that would constitute deficient performance.

Some of Thomas's claims are simply baseless. He complains, for instance, that counsel failed to tell him that the guilty plea waived his right to bring this § 2255 petition. But counsel had good reason: the plea agreement specifically preserves that right. See Plea Agreement [ECF No. 161] at 3. Similarly, Thomas argues that he was not arraigned on his superseding indictment. But he pleaded guilty to the superseding information, so any procedural defect as to the indictment is immaterial.

Thomas complains, too, that his counsel coerced him—both to waive his right to a grand jury and to plead guilty. Thomas suggests that counsel was motivated by a conflict of interest, claiming that Thomas's guilty plea would aid his co-defendant. But Thomas averred, under oath, that his plea was not the product of coercion. See Tr. of Plea Hr'g [ECF No. 268] at 11 (right to indictment), 43 (guilty plea). And Thomas has not adequately alleged a conflict of interest on the part of counsel, as counsel never represented the co-defendant in these proceedings. See Sept. 23, 2013 Order [ECF No. 270] at 1–2.

4

Thomas further argues that this speculative conflict of interest kept his counsel from thoroughly investigating possible defenses. In particular, Thomas points out that, on the night of the murder-for-hire that constituted the government's factual proffer, he met the victim and his companion at a restaurant. Thomas wanted his attorney to obtain security footage from the restaurant, and to interview the companion, to corroborate this story. But such evidence, even if it exists, is hardly exculpatory: it proves only that Thomas saw the victim shortly before he was murdered. This is not an alibi. Indeed, "[w]hether these lines of [inquiry] would have yielded any gains for [Thomas] or only highlighted damning evidence is a matter of speculation and precisely the sort of post hoc judgment that Strickland admonishes us to avoid." United States v. Toms, 396 F.3d 427, 433 (D.C. Cir. 2005).[2]

Finally, Thomas suggests that his counsel was ineffective in failing to discuss discovery and in failing to explain one of the elements of the crime to which he eventually pleaded guilty. (One element of the crime cross-references another part of the statute—which, in turn, simply criminalizes racketeering activity. See 18 U.S.C. § 1962(c).) But again, prior proceedings tell a different story. At his plea hearing, Thomas expressed satisfaction with his lawyer, see Tr. of Plea Hr'g at 8, admitted to the actions in the government's factual proffer, see id. at 31, certified that there was nothing he did not understand about the proceeding or the plea, see id. at 43, and pleaded guilty "voluntarily and of [his] own free will" and "because [he is] guilty and for no other reason," id. at 45. Nothing in the pleadings currently before the Court casts doubt on the veracity of those statements. See United States v. Grewal, 825 F.2d 220, 223 (9th Cir. 1987) ("[A]ny claim of ineffective assistance of counsel is contradicted by [movant's] own declarations

---

[2] Thomas also points to a letter written by Antonio Harper, a cooperating witness. Thomas argues that the letter proves that Harper provided false testimony to get a good deal. But—at most—the letter merely outlines Harper's difficult decision as to whether he should cooperate with the government; it never even hints at fabrication. See Ex. B to Pet'r's Reply [ECF No. 289-1].

made under oath and on the record. . . . These declarations concerning the performance of [his] counsel were made in open court under oath and thus carry a strong presumption of verity.") And Thomas does not point to any evidence that came to light after the plea proceedings. In short, Thomas has provided no ground for this Court to unsettle its prior rulings or to question the legitimacy of the plea proceedings.

## CONCLUSION

For the reasons set forth above, [257] Thomas's motion to vacate is denied. A separate order accompanies this memorandum.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: October 28, 2014